**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAN CASTILLO-MARTINEZ, | No.   17-70930 |
| Petitioner, | Agency No. A205-151-246 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2023**
Phoenix, Arizona

Before:  IKUTA, BADE, and BRESS, Circuit Judges.

Alan Castillo-Martinez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from

an Immigration Judge's ("IJ") decision denying his applications for statutory

withholding of removal and protection under the Convention Against Torture

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     Substantial evidence supports the agency's determination that Castillo-Martinez was not eligible for statutory withholding of removal. *See* 8 U.S.C. § 1231(b)(3); *Barajas-Romero v. Lynch*, 846 F.3d 351, 356 (9th Cir. 2017).

Castillo-Martinez was not physically harmed in Mexico. *See Tamang v. Holder*, 598 F.3d 1083, 1092 (9th Cir. 2010) (rejecting past persecution claim when applicant never suffered any harm). Assuming his father was involved in an altercation with people whose family members were "affiliated with the local police," Castillo-Martinez was three-years old at the time of his father's death, and his knowledge of the events involving his father was based on information he learned from his family sometime later. Castillo-Martinez argues that the agency erred by failing to consider emotional and psychological harm related to the loss of his father as past persecution, but he points to no record evidence of such harm. *Cf. Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1044, 1046 (9th Cir. 2007) (noting that petitioners supplemented their testimony with a psychiatric evaluation and finding error when IJ failed to consider events—an army occupation of the petitioner's village and harm to their family members—from the perspective of petitioners who were aged seven and nine at the time they perceived the events).

---

[1] Castillo-Martinez does not challenge the agency's denial of his applications for asylum or cancellation of removal.

2

Substantial evidence also supports the determination that Castillo-Martinez did not meet his burden of establishing a clear likelihood of future persecution. *See* 8 C.F.R. § 1208.16(b)(2); *Barajas-Romero*, 846 F.3d at 360. Castillo-Martinez did not know who killed his father or how the perpetrators would know if he returned to Mexico. He remained in Mexico without threat or harm for eighteen years after his father was killed. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner did not demonstrate well-founded fear of future persecution when, after detention and harassment, he did not have any further problems with the government); *see also Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000) (affirming denial of asylum when petitioner remained in Fiji for two years unharmed after alleged harassment). His younger brother also remained in Mexico unharmed. *See Hakeem v. INS*, 273 1 F.3d 812, 817 (9th Cir. 2001), *superseded by statute on other grounds*, Real ID Act of 2005, Pub. L. 109–13, 119 Stat. 231, codified as amended at 8 U.S.C. § 1252(a)(2)(D), *as recognized in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007); *Lim v. INS*, 224 F.3d 929, 938 (9th Cir. 2000). Because Castillo-Martinez points to no record evidence differentiating between his situation and his relatives', we reject Castillo-Martinez's argument that he and his relatives are not similarly situated. In sum, the record does not compel a conclusion contrary to the agency's determination that Castillo-Martinez was not eligible for withholding of removal. *See B.R. v. Garland*, 26 F.4th 827,

835 (9th Cir. 2022).

2.    Castillo-Martinez argues that the BIA erred by failing to consider his application for CAT protection.  This argument lacks merit.  The BIA adopted and affirmed the IJ's denial of CAT protection for the reasons provided in the IJ's decision.  Thus, the IJ's decision provides the grounds for the denial of CAT protection.  *See Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 735 (9th Cir. 2012).

Substantial evidence supports the IJ's conclusion, adopted by the BIA, that Castillo-Martinez failed to show that it is more likely than not that he would be tortured by or with the acquiescence of a public official if returned to Mexico.  *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).  While country conditions evidence describes unlawful killings and torture in Mexico, Castillo-Martinez does not point to record evidence demonstrating that he "faces any particularized risk of torture . . . higher than that faced by all Mexican citizens." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022), *as amended*.

**PETITION DENIED.**

4